U.S. COURTS
Case 1:11-cv-00001-EJL Document 2 Filed 01/03/11 Page 1 of 2
JAN 03 2010
Rcvd_____ Filed_____ Time 2:01    11 - 001 - CV REB
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

**Phyllis Reff, on Behalf of L.R., Petitioner**

**The Independent School District of Boise City, Respondent**

I am **appealing the rulings/decisions** of Hearing Officer Richard Carlson ( S.D.E case no. H-10-11-19), in his Memorandum Decision On Respondent's Motion For Summary Judgment.

1. I object and appeal the decision of the Hearing Officer, in his Pre-hearing Order, dated December 15, 2010, claiming that 2 days were anticipated for the hearing, when I claimed that I would need 5-10 days.
2. I object and appeal the Hearing Officer's ruling, in his Pre-hearing Order, dated December 15, 2010, which states that, "**The parties also agreed that:** The hearing will be open to the public {This is the parent's right, not something that must be agreed upon, since it is in the procedural safeguards, given to the parent}. (The parties shall exchange lists of potential witnesses and exhibits {Agreed upon the part of this sentence in parentheses, since it is in the procedural safeguards, given to the parent}) and mail copies to the Hearing Officer no later than January 10, 2011. The witness list shall include a very brief summary of the testimony each witness is expected to give. The parties shall submit a brief pre-hearing memorandum containing a statement of facts and applicable law supporting the respective positions of each party concerning the issues that are expected to be considered at the hearing no later than January 14, 2011. The parties are authorized to engage in discovery."
3. I object and appeal the Hearing Officer's blind acceptance of the statement, "The Motion for Summary Judgment contended that neither the IDEA nor associated regulations mandate inclusion of a parent's version of a student's present level of performance, or any particular documents a parent wishes to include in an IEP." The Boise School District failed to inform Hearing Officer Carlson that the parent was not allowed to be present, at the time School Personnel wrote L.R.'s Present Level of Performance, so parent was excluded from participating in the drafting of the PLOP. Additionally, the District failed to inform Mr. Carlson that the "particular documents" the parent wished to include in the IEP, were **exact copies** of pages of a small number of evaluations (and one handwritten summary of Portal Grades) – **whereas, the District modified documents** that they placed in the IEP (not exact copies like parent provided).
4. I object and appeal Hearing Officer Carlson's granting of permission, to the Boise School District's Attorney, for the use of Motion Practice. **Motion Practice violates IDEA 2004, and is not consistent with IDEA Hearing Rights.**
5. I object and appeal Mr. Carlson's use of undocumented (no transcripts or recordings) hearings, that are being called Informal Telephone Conferences, because they violate IDEA 2004, and are not consistent with IDEA Hearing Rights. Nowhere in IDEA, does it state that, prior to the first day of a Due Process Hearing, a Hearing Officer and School District's Attorney may hold an informal telephone conference and do motion practice – **to seek out avenues to deny the child a Due Process Hearing on the Issues placed in the Due Process Hearing Request.**
6. I disagree with, and appeal, the Hearing Officer's ruling that, "**For purposes of hearings such as this, Idaho has adopted the hearing procedures contained in the Idaho Rules of Administrative Procedure of the Attorney General (IDAPA 04.11.01) and the Idaho Special Education Manual.**

**In case of any conflicts between Idaho's rules and the IDEA or implementing regulations, the latter supercede and govern.** IDAPA 04.11.01.565 provides that 'The presiding officer may consider and decide prehearing motions with or without oral argument or hearing...'. In this case neither party requested oral argument on the District's Motion for Summary Judgment and *this Hearing Officer concludes that such a ruling is not inconsistent with the IDEA or applicable federal regulations."* **At no time has the State of Idaho submitted new Procedural Safeguards, to the Federal Department of Education, for approval to see if IDAPA is in conflict with IDEA 2004.**

7. I disagree and appeal the Hearing Officer's opinion, that he has the power to make the determination, to change the Procedural Safeguards to IDAPA Rules. **The result is, in the State of Idaho, that the Procedural Safeguards no longer exist, under IDEA 2004, and my 14th Amendment Rights have been violated.**

8. I disagree and appeal Richard Carlson's assumption that "Summary Judgment is appropriate when 'the pleadings, depositions, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.'" In fact, I have never seen the following words or phrases, in the Due Process Complaint, or Hearing, Section of the Procedural Safeguards: Pleadings, Depositions, Admissions on File, Affidavits, No Genuine Issue of Material Fact, The Moving Party is Entitled to a Judgment as a Matter of Law. In the Due Process Complaint, or Hearing, Section of the Procedural Safeguards, there is *no discussion of " Summary Judgment, Pre-hearings, Motions, etc..., that would take away the parent's right to a hearing."*

9. <u>I disagree and appeal Mr. Carlson's Denial of my right to present evidence, and question witnesses, in a Due Process Hearing, in order to prove that my son is being Denied  FAPE.</u>  As of the date I submitted my Due Process Hearing Request (11-19-10), seeking that the PLOP which I drafted, and some additional documents, be placed in L.R.'s current PLOP, in his IEP -- *L.R.'s IEP has no measurable goals addressing his Math deficits, Written Language deficits, Reading Comprehension and Reading Vocabulary deficits, Executive Functioning deficits, Social Communication deficits, and so forth.* Before, and at the end of Summer Break 2010, I paid for L.R. to receive a comprehensive Academic Evaluation, at the Huntington Learning Center, *since the Boise School District refused to administer individualized Academic Testing.* I discovered that L.R. had Regression between the first and second testing dates. His Vocabulary score, on standardized testing, dropped *below* the Second Grade Level. L.R. is a Seventh Grader. L. R.'s Writing Sample was Poor, on both testing dates. On the Huntington Learning Center Math Placement Exam, L. R. was unable *to manage his time to complete the test*, and answered many questions incorrectly (that were based on Math way below 7th grade level). <u>The Hearing Officer's Ruling promulgates that L.R. will continue to be harmed by the Boise School District, since his Inadequate IEP does not have appropriate Baselines (i.e. lacks L.R.'s grade levels in Academic subjects, lacks L.R.'s current Social/Emotional levels, etc...); does not have appropriate Goals associated with the Baselines, with criteria to measure progress or regression, etc...  L.R.'s Placement is in All Regular Education Classes, with a 40 minute pull-out for Language Therapy, and No Instruction is provided in the Resource Room.</u>

<u>January 3, 2011</u>   <u>Phyllis Reff</u>   *Phyllis Reff*